UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NURIAN OLIBIA MARTIN ARIAS,

    Plaintiff,

v.   Case No. 2:20-cv-785-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Nurian Olibia Martin Arias seeks judicial review of a denial of Social Security disability benefits. The Commissioner of the Social Security Administration filed the transcript of the proceedings (Doc. 18),[1] and the parties filed a joint memorandum (Doc. 22). As discussed in this opinion and order, the decision of the Commissioner is affirmed.

## I.    Eligibility for Benefits and the Administration's Decision

### A.    Eligibility

The Social Security Act and related regulations define disability as the inability to do any substantial gainful activity by reason of one or more medically determinable physical or mental impairments that can be expected to result in death

---

[1] Cited as "Tr." followed by the appropriate page number.

or that have lasted or can be expected to last for a continuous period of not less than twelve months.[2] Depending on its nature and severity, an impairment limits exertional abilities like walking or lifting, nonexertional abilities like seeing or hearing, tolerances for workplace conditions like noise or fumes, or aptitudes necessary to do most jobs such as using judgment or dealing with people.[3] And when functional limitations preclude both a return to past work and doing any other work sufficiently available in the national economy (or an impairment meets or equals the severity criteria for a disabling impairment as defined in the regulatory "Listing of Impairments"), the person is disabled for purposes of the Act.[4]

### B.   Factual and procedural history

On May 22, 2018, Martin applied for disability insurance benefits. (Doc. 22, p. 1). She asserted an onset date of April 28, 2018, alleging disability due to pain in her legs and back, depression, and anxiety. *Id.* As of the alleged onset date, Martin was 53 years old. (Tr. 59). She has a high school education (Tr. 325), and her past

---

[2] *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3); 20 C.F.R. §§ 404.1505, 416.905.

[3] *See* 20 C.F.R. §§ 404.1513(a)(2)(i)-(iv) (discussing the various categories of work-related abilities), 416.913(a)(2)(i)(A)-(D) (same), 404.1522(b) (providing examples of abilities and aptitudes necessary to do most jobs), 416.922(b) (same), 404.1545(b)-(d) (discussing physical, mental, and other abilities that may be affected by an impairment), 416.945(b)-(d) (same), 404.1594(b)(4) (defining functional capacity to do basic work activities), 416.994(b)(1)(iv) (same).

[4] *See* 20 C.F.R. §§ 404.1511, 416.911(a).

work includes jobs as a stockroom supervisor, sewing machine operator, and garment inspector. (Tr. 49-52, 196).

On the administration's behalf, a state agency[5] denied Martin's application initially on August 16, 2018, and upon reconsideration on October 5, 2018. (Tr. 21). At Martin's request, Administrative Law Judge (ALJ) Raymond Rogers held a hearing on December 16, 2019. (Tr. 36-58). On January 2, 2020, the ALJ issued an unfavorable decision finding Martin not disabled from April 28, 2018, through the date of the decision. (Tr. 15-31).

Martin's timely request for review by the administration's Appeals Council was denied on August 13, 2020. (Tr. 1-8). Martin then brought the matter to this court, and the case is ripe for judicial review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 17).

### C.    The ALJ's decision

The ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). This five-step process determines:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether, in light of her age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy.

---

[5] In Florida, a federally funded state agency develops evidence and makes the initial determination whether a claimant is disabled. *See* 42 U.S.C. § 421(a).

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (internal quotation omitted); *see also* 20 C.F.R. § 404.1520(a)(4).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial manner." 20 C.F.R. § 404.900(b). Unlike judicial proceedings, Social Security Administration hearings "are inquisitorial rather than adversarial." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id.* Indeed, "at the hearing stage, the commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id.* (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Nonetheless, while the claimant is temporarily relieved of the burden of production during step five as to whether there are enough jobs the claimant can perform, the claimant otherwise has the burdens of production and persuasion throughout the process. *See* 20 C.F.R. § 404.1520 (providing that the claimant must

prove disability); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) ("The scheme of the Act places a very heavy initial burden on the claimant to establish existence of a disability by proving that he is unable to perform his previous work."). In short, the "overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant." *Washington*, 906 F.3d at 1359 (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

At step one, the ALJ found Martin had not engaged in substantial gainful activity since April 28, 2018, the alleged onset date. (Tr. 23). At step two, the ALJ characterized Martin's severe impairments as: degenerative disc disease of the lumbar, thoracic, and cervical spine; and obesity. *Id*. At step three, the ALJ determined Martin did not have an impairment or combination of impairments that met or medically equaled the severity of an agency-listed impairment. (Tr. 25).

As a predicate to step four, the ALJ arrived at the following RFC:

> The claimant has the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight-hour workday; and stand and/or walk for six hours in an eight-hour workday. Occasional climbing of ramps or stairs but may never climb ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling and crouching; and no crawling. Must avoid concentrated exposure to extreme cold and extreme heat and no exposure to hazardous machinery and unprotected heights.

(Tr. 26).

At step four, the ALJ determined Martin was capable of performing her past relevant work as a stockroom supervisor (DOT #222.137-034, light, SVP 6, skilled); sewing machine operator (DOT #786.682-170, light, SVP 3, semi-skilled); and garment inspector (DOT #789.687-070, light, SVP 3, semi-skilled).[6] (Tr. 30). Consequently, the ALJ did not proceed to step five.

## II.  Analysis

The issue on appeal is whether the ALJ properly considered Martin's subjective allegations of pain-related symptoms and limitations. (Doc. 22, p. 9).

### A.  Standard of review

The court "may not decide the facts anew, make credibility determinations, or reweigh the evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127, 1132 (11th Cir. 2021). While the court must account for evidence both favorable and unfavorable to a disability finding and view the evidence as a whole, *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), the court's review of the administration's decision is limited to determining whether "it is supported by

---

[6] The DOT numbers refer to the *Dictionary of Occupational Titles* and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work—in a purely physical sense—that the job requires, and it is divided into five categories: sedentary, light, medium, heavy, and very heavy. Skill refers to how long it takes to learn the job, and it is divided into three categories: unskilled, semiskilled, and skilled. The "SVP" (Specific Vocational Preparation) provides further subdivision of the three skill categories into nine levels: SVP 1 and 2 are unskilled; SVP 3 and 4 are semiskilled; and SVP 5 through 9 are skilled.

substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) (quoting *Crawford*, 363 F.3d at 1158)).

"[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1157. In other words, a "presumption of validity attaches" to the ALJ's factual findings. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). And if supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

> **B.    Whether substantial evidence supports the ALJ's assessment of Martin's alleged leg and back pain.**

Martin claims that her degenerative disc diseases causes severe leg and back pain, and that this pain limits her ability to sit, stand, and walk for prolonged periods. (Doc. 22, p. 13; *see also* Tr. 43-45). Martin also alleges that because of her pain, she

must lie down for short periods of time throughout the day, and that she cannot lift weight. (Tr. 45).

Medical provider treatment notes and various opinion evidence echo Martin's alleged pain and the aforementioned externalities. (Tr. 302, 304, 306, 351-352, 362-368). However, not all of this evidence is persuasive (*See e.g.*, Tr. 369 (stating "[t]he patient refused services at this time.")). Thus, the ALJ concluded Martin's subjective statements were not entirely consistent with the medical evidence of record:

> Diagnostic imaging of the neck and spine support severe impairments; however, the claimant's allegations of disabling pain are not entirely supported. Physical examinations do not reveal any motor sensory deficits and gait is normal and without the use of an assistive device. With the exception of some trigger point and epidural injections, treatment has generally been conservative. She has been prescribed appropriate medications for her pain and did not appear to report any adverse side effects. The record reveals a period of at least six months that the claimant was without medications, which is inconsistent with her allegations of disabling level pain. The record also reveals resistance to treatment recommendations initially for pain injections and physical therapy, which is also inconsistent with her allegations of disabling level pain. The claimant has not undergone any surgical intervention and does not appear to be a surgical candidate. Furthermore, the claimant's allegations are not supported by her high functioning activities of daily living that include driving, cooking simple meals, doing laundry, doing light household chores, paying bills, and managing finances/financial accounts. Overall, the record does not support the claimant's allegations of disabling symptoms or functional limitations to the extent purported. Accordingly, she retains the capacity to perform light work with postural and environmental limitations.

(Tr. 28-29).

A bare assertion of a claimant's subjective pain, or other symptoms, cannot establish disability. 20 C.F.R. § 404.1529(a)-(b). If objective medical evidence fails

to substantiate the claimant's statements about the intensity, persistence, and limiting effects of her alleged symptoms, then the ALJ must consider other record evidence to determine if, and to what extent, such symptoms limit a claimant's ability to do work-related activities. 20 C.F.R. § 404.1529(c)(3).

As required by the administration's regulations, the ALJ considered Martin's subjective allegations of pain. 20 C.F.R. § 404.1529(c)(4) (stating "[w]e will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled."). But the ALJ determined Martin's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence of record. *Id.* Therefore, the ALJ stated that "[a]lthough the medical evidence of record does not support the claimant is as functionally limited to the extent she alleged, the residual functional capacity has been reduced to account for her supported impairments/symptoms and supported functional limitations." (Tr. 30).

Turning to the record evidence, Martin displays an absence of motor and sensory deficits, normal gait, and no use of an assistance device for ambulation (*See* Tr. 382, 387, 392), and the regulations acknowledge that such factors may call subjective complaints of disabling pain into doubt. 20 C.F.R. § 404.1529(c)(3).

(stating "[o]bjective medical evidence … such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption … is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work.").

The evidence of record generally supports the characterization of Martin's treatment as conservative, reflects that she is not a surgical candidate, and confirms she rejected her doctor's recommendation of injection treatments and physical therapy. (*See e.g.*, Tr. 376 (finding "[s]he does not want to proceed with the injection … [and] [d]oes not want a referral to physical therapy.")). The medical evidence of record also indicates that—after the alleged onset date—Martin went without her pain medications for **six months**. (*See* Tr. 379 (stating "[p]atient issued 1 prescription. She lost her last 3 prescriptions.")). Moreover, Martin's activities of daily living include driving, cooking, and household chores (Tr. 221, 327, 383, 399), and state-agency medical consultants found that she could perform light work. (Tr. 74-82).[7]

---

[7] Martin takes exception with the ALJ's failure to expressly account for whether her subjective allegations were consistent with the record when analyzing her extensive work history. (Doc. 22, pp. 22-23). But the ALJ necessarily had to consider Martin's work history when deciding that she could perform past relevant work (Tr. 30), and the ALJ's decision shows that he was aware of Martin's work history throughout the evaluation process. *See Neff v. Saul*, 8:18-cv-3040-T-SPF, 2020 WL 1181952, *5-6 (M.D. Fla. Mar. 12, 2020), citing *Coleman v. Astrue*, No. 8:11-cv-1783-T-TGW, 2012 WL 3231074, *5 (M.D. Fla. Aug. 6, 2012) (reasoning that the ALJ "obviously considered" the claimant's work history even though it was not specifically discussed in the

"Under a substantial evidence standard of review, [Martin] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec. Admin.*, 706 F. App'x 595, 604 (11th Cir. 2017). Martin cannot make such a showing here, and so the court must affirm. *See Nichols v. Comm'r, Soc. Sec. Admin.*, 679 F. App'x 792, 797 (11th Cir. 2017) (finding no merit in claimant's argument that the ALJ failed to evaluate her impairments when the ALJ explicitly stated he considered all symptoms and the extent those symptoms could be accepted as consistent with all other evidence and included an exhaustive discussion of the combined effect of plaintiff's various impairments and their functional limitations).

In sum, substantial evidence supports the ALJ's finding that Martin's alleged symptoms are inconsistent with, and not entirely supported by, the evidence of record.

## III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the court finds substantial evidence supports the ALJ's decision. Accordingly, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment,

---

context of analyzing the subjective allegations).

terminate any pending motions and deadlines, and close the case.

**ORDERED** on March 30, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE